UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HANDY BUTTON MACHINE CO., | ) | Case No. 10-15572 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**FINAL AGREED ORDER AUTHORIZING USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION**

Upon final consideration of the motion (the "Motion") of Handy Button Machine Company (the "Debtor") requesting this Court's authorization to use the cash collateral of Bank of America, N.A. ("Bank") pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001;[1] this Court having entered an order on April 13, 2010 ("Interim Order") authorizing the Debtor's interim use of cash collateral; the Debtor and the Bank having agreed to the Debtor's use of the Bank's cash collateral on a final basis pursuant to the terms of this Order; a final hearing ("Final Hearing") having been held on the Motion pursuant to the provisions of Fed. R. Bankr. P. 4001(b)(2); due and proper notice of the Motion and the Final Hearing having been given to all parties entitled thereto; no objection to the Motion having been filed or served by any creditor or party in interest in accordance with Paragraph 8 of the Interim Order; and sufficient cause appearing therefor; it is hereby ORDERED:

1. The Motion is hereby granted on a final basis subject to the terms and conditions set forth in this Order.

2. The Debtor is authorized to use the Bank's cash collateral to pay (i) actual, ordinary, and necessary expenses of the Debtor's business as described generally in the budget

---

[1] Capitalized terms not otherwise defined carry the same meaning ascribed to them in the Motion.

attached hereto as Exhibit A ("Budget"), including payments to the Bank in accordance with 11 U.S.C. § 506(b) of (A) monthly interest on the Bank's Prepetition Claim at the regular, non-default interest rate specified in the parties' prepetition loan documents, and (B) all customary charges and fees imposed upon the Debtor in connection with maintaining and administering any of the Debtor's accounts at the Bank (the "Accounts"), including any stop payment charges or NSF fees; and (ii) any other expenses approved by this Court. Notwithstanding the foregoing, the Debtor shall be (x) deemed to be in compliance with the Budget so long as its total cash disbursements, on a bi-weekly basis, do not exceed 125% of the total cash disbursements amount provided for in the Budget for each respective bi-weekly period or such higher amount that the Bank may agree upon (collectively, the "Variance"); and (y) permitted to pay expenses in the ordinary course of business in accordance with the Budget and the Variance. The Budget, and the Debtor's corresponding authority to use the Bank's cash collateral, may be modified and extended with the prior notice to and consent and agreement of the Bank. The Debtor is also authorized to consolidate and modify the designation of the Accounts in order to eliminate any existing zero balance accounts to avoid any overadvances being created in any such bank accounts.

   3. As adequate protection for any use or diminution in the value of the Bank's interest in the Debtors' prepetition assets ("Prepetition Collateral"), including the cash collateral subject to the Motion, the Bank is hereby granted, retroactive to the Debtor's petition date ("Petition Date") and without the necessity of any additional documentation or filings, valid, enforceable, non-avoidable, and fully perfected liens of the highest available priority upon (i) any property that the Debtor acquires after the Petition Date including, without limitation, any

accounts receivable or inventory generated by the Debtor's postpetition operations and any property described in the Bank's Security Agreement, but excluding (A) any avoidance actions under chapter 5 of the Bankruptcy Code, and (B) the Unencumbered Cash; and (ii) any proceeds generated from such property. The liens granted in this paragraph ("Adequate Protection Liens") shall be (i) limited to the extent of the aggregate diminution subsequent to the Petition Date in the value of the Bank's interest in the Prepetition Collateral (including the cash collateral subject to the Motion), whether by depreciation, use, sale, loss, or otherwise, and (ii) subject only to prior perfected and unavoidable liens in property of the Debtor's estate as of the Petition Date. Notwithstanding the foregoing grant, however, nothing contained in this Order should be construed or deemed to constitute a determination of the validity, priority, perfection, enforceability, or unavoidability of the Prepetition Claim or the Bank's prepetition liens or interests in the Prepetition Collateral.

4. The grant of adequate protection provided herein is without prejudice to the Bank's right to seek (i) additional adequate protection of its interests in the Debtor's property, or (ii) to terminate or modify the automatic stay.

5. This Order shall be sufficient and conclusive evidence of the validity, enforceability and perfection of the Adequate Protection Liens, whether or not the Bank elects to file or record financing statements, any other documents, or to take such other steps as may otherwise be required to obtain, evidence or perfect such liens under applicable law; and the Bank may, in its sole discretion, but shall not be required to, file a certified copy of this Order in any filing or recording office in any jurisdiction in which the Debtor has real or personal

property, and such filing or recording shall be accepted and shall constitute further evidence of perfection of its liens and security interests.

6. The entry of this Order is without prejudice to the Debtor's right to seek authority to use additional cash collateral if the Debtor determines that the cash collateral use authorized by this Order is insufficient.

7. The Debtor's authority to use the Bank's cash collateral under this Order shall be effective immediately and shall extend through the term of the Budget (as such Budget may be subsequently extended by agreement between the Debtor and the Bank). To the extent any provision of this Order conflicts with any provision of the Motion, the provisions of this Order shall control.

APR 2 9 2010

Dated: April ___, 2010

ENTER:

_____
Pamela S. Hollis
United States Bankruptcy Judge

**AGREED TO:**

| HANDY BUTTON MACHINE CO. | BANK OF AMERICA, N.A. |
|---|---|
| By: _____ One of its attorneys | By: _____ One of its attorneys |
| Robert M. Fishman<br>Peter J. Roberts<br>Shaw Gussis Fishman Glantz<br>  Wolfson & Towbin LLC<br>321 North Clark Street, Suite 800<br>Chicago, IL 60654 | James G. Froberg<br>Lowis & Gellen LLP<br>200 West Adams St., Suite 1900<br>Chicago, IL 60606 |

{6987 ORD A0259678.DOC 3}   4

# EXHIBIT A

{4606 EXH A0139919.DOC}

Handy Button Machine, Company
Statement of Cash Flow

| Week Ending | Notes | Apr-10 Wk 4 5/1/2010 | May-10 Wk 5 5/8/2010 | Wk 6 5/15/2010 | Wk 7 5/22/2010 | Wk 8 5/29/2010 | Wk 9 6/5/2010 | Wk 10 6/12/2010 | Jun-10 Wk 11 6/19/2010 | Wk 12 6/26/2010 | Wk 13 7/3/2010 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash Receipts** | | | | | | | | | | | | |
| Cash Receipts - HK | | 302,500 | 302,500 | 302,500 | 302,500 | 302,500 | 302,500 | 269,000 | 281,500 | 281,500 | 281,500 | 2,928,500 |
| Cash Receipts - HL | | 150,000 | 150,000 | 150,000 | 150,000 | 150,000 | 150,000 | 161,920 | 259,314 | 259,314 | 259,314 | 1,839,861 |
| Proceeds from Sale of Subsidiary | 1 | | | | | | | | | 2,162,500 | | 2,162,500 |
| Total Cash Receipts | | 452,500 | 452,500 | 452,500 | 452,500 | 452,500 | 452,500 | 430,920 | 540,814 | 2,703,314 | 540,814 | 6,930,861 |
| **Disbursements** | | | | | | | | | | | | |
| Material Purchases | | 289,725 | 360,550 | 360,550 | 360,550 | 360,550 | 256,580 | 256,580 | 256,580 | 256,580 | 256,580 | 3,014,825 |
| Utilities (including deposits) | | 2,000 | | | | 2,000 | | | | | 2,500 | 6,500 |
| Insurance | | | | | | | | | | | 24,000 | 24,000 |
| Other COGS | | 13,900 | 13,900 | 13,900 | 13,900 | 13,900 | 11,300 | 11,300 | 11,300 | 11,300 | 11,300 | 126,000 |
| Payroll and Benefits | | 112,800 | | 87,800 | | 115,800 | | 87,800 | | 115,800 | | 520,000 |
| Pension Liability | | - | | | | | | | | | | - |
| Selling General & Administrative Expense | | 66,625 | 83,525 | 83,525 | 83,525 | 83,525 | 56,725 | 56,725 | 56,725 | 56,725 | 56,725 | 684,350 |
| Lien Claims | 1 | | | | 231,010 | | | | | | | 231,010 |
| 503b9 claims | 1 | | | | 654,450 | | | | | | | 654,450 |
| Workers' Comp. Claim | | | | 55,000 | | | | | | | | 55,000 |
| Payments on Line of Credit | | - | - | | | - | - | - | - | - | - | - |
| Professional Fees | | | 15,000 | | | | | | | | | 15,000 |
| Interest Expense | | 9,400 | | | | 9,400 | | | | | 9,400 | 28,200 |
| Total Disbursements | | 494,450 | 472,975 | 600,775 | 1,343,435 | 585,175 | 324,605 | 412,405 | 324,605 | 440,405 | 360,505 | 5,359,335 |
| Net Cash Flow | | (41,950) | (20,475) | (148,275) | (890,935) | (132,675) | 127,895 | 18,515 | 216,209 | 2,262,909 | 180,309 | 1,571,526 |
| Beginning Cash | | 1,761,000 | 1,719,050 | 1,698,575 | 1,550,300 | 659,365 | 526,690 | 654,585 | 673,100 | 889,309 | 3,152,217 | 1,761,000 |
| Ending Cash | | 1,719,050 | 1,698,575 | 1,550,300 | 659,365 | 526,690 | 654,585 | 673,100 | 889,309 | 3,152,217 | 3,332,526 | 3,332,526 |
| Eligible A/R & Inventory | | 3,404,468 | 3,466,909 | 3,539,037 | 3,611,166 | 3,683,294 | 3,626,440 | 3,583,194 | 3,454,212 | 3,325,230 | 3,196,247 | |
| Total Collateral | | 5,123,518 | 5,165,484 | 5,089,337 | 4,270,531 | 4,209,984 | 4,281,025 | 4,256,294 | 4,343,520 | 6,477,447 | 6,528,773 | |
| Current Line of Credit | | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | |
| Letter of Credit | | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | |
| Total Obligations | | 2,350,000 | 2,350,000 | 2,350,000 | 2,350,000 | 2,350,000 | 2,350,000 | 2,350,000 | 2,350,000 | 2,350,000 | 2,350,000 | |
| Surplus Collateral | | 2,773,518 | 2,815,484 | 2,739,337 | 1,920,531 | 1,859,984 | 1,931,025 | 1,906,294 | 1,993,520 | 4,127,447 | 4,178,773 | |

Note:
1 Subject to further agreement and court approval.

4/28/2010

Handy Button Machine, Company
Borrowing Base Analysis

| | Apr-10 | May-10 | | | | Jun-10 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Wk 4<br>5/1/2010 | Wk 5<br>5/8/2010 | Wk 6<br>5/15/2010 | Wk 7<br>5/22/2010 | Wk 8<br>5/29/2010 | Wk 9<br>6/5/2010 | Wk 10<br>6/12/2010 | Wk 11<br>6/19/2010 | Wk 12<br>6/26/2010 | Wk 13<br>7/3/2010 |
| **PROJECTED BORROWING BASE:** | | | | | | | | | | |
| Projected Accounts Receivable | 2,693,420 | 2,781,734 | 2,870,047 | 2,958,361 | 3,046,674 | 2,968,494 | 2,911,894 | 2,745,401 | 2,578,907 | 2,412,414 |
| Ineligible Accounts Receivable | 246,420 | 256,682 | 254,835 | 252,989 | 251,142 | 244,029 | 241,487 | 236,221 | 230,955 | 225,689 |
| Eligible Accounts Receivable | 2,447,000 | 2,525,051 | 2,615,212 | 2,705,372 | 2,795,532 | 2,724,465 | 2,670,407 | 2,509,179 | 2,347,952 | 2,186,724 |
| Advance Rate | 80% | 80% | 80% | 80% | 80% | 80% | 80% | 80% | 80% | 80% |
| **Net Accounts Receivable** | **1,957,600** | **2,020,041** | **2,092,169** | **2,164,298** | **2,236,426** | **2,179,572** | **2,136,326** | **2,007,344** | **1,878,362** | **1,749,379** |
| Inventory: | | | | | | | | | | |
| Handy Kenlin Inventory | 2,553,000 | 2,553,000 | 2,553,000 | 2,553,000 | 2,553,000 | 2,553,000 | 2,553,000 | 2,553,000 | 2,553,000 | 2,553,000 |
| Handy Living Inventory | 1,345,000 | 1,345,000 | 1,345,000 | 1,345,000 | 1,345,000 | 1,345,000 | 1,345,000 | 1,345,000 | 1,345,000 | 1,345,000 |
| Total Inventory | 3,898,000 | 3,898,000 | 3,898,000 | 3,898,000 | 3,898,000 | 3,898,000 | 3,898,000 | 3,898,000 | 3,898,000 | 3,898,000 |
| Less Ineligibles | 280,830 | 280,830 | 280,830 | 280,830 | 280,830 | 280,830 | 280,830 | 280,830 | 280,830 | 280,830 |
| Eligible Inventory | 3,617,170 | 3,617,170 | 3,617,170 | 3,617,170 | 3,617,170 | 3,617,170 | 3,617,170 | 3,617,170 | 3,617,170 | 3,617,170 |
| Advance Rate | 40% | 40% | 40% | 40% | 40% | 40% | 40% | 40% | 40% | 40% |
| **Net Inventory** | **1,446,868** | **1,446,868** | **1,446,868** | **1,446,868** | **1,446,868** | **1,446,868** | **1,446,868** | **1,446,868** | **1,446,868** | **1,446,868** |
| **PROJECTED BORROWING BASE** | **3,404,468** | **3,466,909** | **3,539,037** | **3,611,166** | **3,683,294** | **3,626,440** | **3,583,194** | **3,454,212** | **3,325,230** | **3,196,247** |
| Beginning Balance - LOC | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 | 2,150,000 |
| Disbursements | - | - | - | - | - | - | - | - | - | - |
| Paydown | - | - | - | - | - | - | - | - | - | - |
| **Projected Balance – LOC** | **2,150,000** | **2,150,000** | **2,150,000** | **2,150,000** | **2,150,000** | **2,150,000** | **2,150,000** | **2,150,000** | **2,150,000** | **2,150,000** |
| Letter of Credit | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 |
| **Total Obligations** | **2,350,000** | **2,350,000** | **2,350,000** | **2,350,000** | **2,350,000** | **2,350,000** | **2,350,000** | **2,350,000** | **2,350,000** | **2,350,000** |
| **SURPLUS/(DEFICIT)** | **1,054,468** | **1,116,909** | **1,189,037** | **1,261,166** | **1,333,294** | **1,276,440** | **1,233,194** | **1,104,212** | **975,230** | **846,247** |
| Beginning Cash Balance | 1,761,000 | 1,719,050 | 1,698,575 | 1,550,300 | 659,365 | 526,690 | 654,585 | 673,100 | 889,309 | 3,152,217 |
| Plus Collections | 452,500 | 452,500 | 452,500 | 452,500 | 452,500 | 452,500 | 430,920 | 540,814 | 2,703,314 | 540,814 |
| Less Disbursements | 494,450 | 472,975 | 600,775 | 1,343,435 | 585,175 | 324,605 | 412,405 | 324,605 | 440,405 | 360,505 |
| **Ending Cash Balance** | **1,719,050** | **1,698,575** | **1,550,300** | **659,365** | **526,690** | **654,585** | **673,100** | **889,309** | **3,152,217** | **3,332,526** |
| **For Reference:** | | | | | | | | | | |
| Surplus plus Cash Balance | 2,773,518 | 2,815,484 | 2,739,337 | 1,920,531 | 1,859,984 | 1,931,025 | 1,906,294 | 1,993,520 | 4,127,447 | 4,178,773 |

4/28/2010