UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 1, 2011 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

## NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE that on **February 1, 2011 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Pamela S. Hollis, Bankruptcy Judge, in the room usually occupied by her as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, Room 644, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Fee Application of Greenberg Traurig LLP as Special Benefits Plan Counsel to the Debtor for Allowance of Compensation and Reimbursement of Expenses, Limited Notice Thereof and Related Relief**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Robert M. Fishman (#3124316)
Peter J. Roberts (#6239025)
John W. Guzzardo (#6283016)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile

{6987 APPL A0280047.DOC}            1

## CERTIFICATE OF SERVICE

John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the ECF Notice List and E-Mail as indicated herein, on January 7, 2011.

/s/ John Guzzardo

# *Mailing Information for Case 10-15572*

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- R Scott Alsterda    rsalsterda@uhlaw.com
- Andrew A Boros    aaboros@kopkalaw.com
- Lee F Dewald    ldewald@riebandtanddewald.com
- Yeny Estrada    estrada@wildman.com, connor@wildman.com;ecf-filings@wildman.com
- Robert M Fishman    rfishman@shawgussis.com
- James G Froberg    jgfroberg@lowis-gellen.com, tpeckham@lowis-gellen.com,jdarfler@lowis-gellen.com,jgfroberg@hotmail.com
- John W Guzzardo    jguzzardo@shawgussis.com
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Peter J Roberts    proberts@shawgussis.com
- Jennifer M Tontz    tontz.jennifer@pbgc.gov, efile@pbgc.gov
- Justin Volmert    volmertj@jbltd.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:    February 1, 2011 |
| Debtor. | ) | Hearing Time:    10:00 a.m. |

**FIRST AND FINAL FEE APPLICATION OF GREENBERG TRAURIG LLP AS
SPECIAL BENEFITS PLAN COUNSEL TO THE DEBTOR FOR ALLOWANCE OF
COMPENSATION SHORTENED AND LIMITED NOTICE THEREOF
AND RELATED RELIEF**

Greenberg Traurig, LLP ("Greenberg"), applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $59,668.55 in compensation for approximately 140 hours of professional services rendered by Greenberg as special benefits plan counsel to the Handy Button Machine Co. (the "Debtor") for the period beginning April 8, 2010 through and including October 26, 2010 (the "Final Allowance Period"); (ii) the reimbursement of $444.32 for actual costs incurred incident to those services; and (iii) a determination that the notice provided is adequate and that further notice of the hearing on this application ("Application") be waived. In support of this Application, the Debtor states as follows:

## INTRODUCTION

A.  **The Debtor's Chapter 11 Case**

1.  On April 8, 2010 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since then, the Debtor has remained in possession of

its assets and has continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The Debtor has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

3. The Debtor is a privately held Delaware corporation with its principal place of business located in Wheeling, Illinois. The Debtor is in the business of selling furniture and furniture components.

### B. The Debtor's Plan

4. One of the major items that needed to be successfully addressed in order to put the Case in a position for a plan of reorganization (the "Plan") to be confirmed was to forge an agreement and resolution with the Pension Benefit Guarantee Corporation ("PBGC") respecting the termination of the Debtor's two pension plans (the "Pension Plans") and the treatment of the claims related to the Pension Plans and the termination thereof. Over the course of the Final Application Period, the Debtor provided the PBGC with (i) all of the pertinent historical financial information it required, and (ii) projections for each of the several possible scenarios that demonstrated that termination of the Pension Plans was necessary to the survival of the business enterprise.

5. On August 11, 2010, the Debtor filed the Plan and an accompanying disclosure statement which was subsequently modified on October 22, 2010 [Dkt. No. 211]. The Plan provided for an internal reorganization of the Debtor and the continuation of the Debtor's

business operations at its Wheeling location. The Plan (as modified) was confirmed on October 26, 2010 [Dkt. No. 218].

6. This Court has core jurisdiction to hear and resolve this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF GREENBERG

7. Shortly after the Petition Date, the Debtor applied to this Court for an order approving the retention of Greenberg as the Debtor's special benefits plan counsel. [Dkt. No. 25]. On May 11, 2010, this Court entered an order authorizing the Debtor to retain Greenberg as the Debtor's special benefits plan counsel. [Dkt. No. 33] (the "Greenberg Retention Order"). Pursuant to the Greenberg Retention Order, Greenberg only provided legal services to the Debtor in the narrow area of advising the Debtor on the administration, maintenance, funding and possible termination of the Plans; assisting the Debtor with discussions with the Pension Benefit Guaranty Corporation regarding pension plan termination and assumption; and advising the Debtor on reorganization matters as they apply to pension plan liability matters.

## SUMMARY AND DESCRIPTION OF GREENBERG'S PRINCIPAL ACTIVITIES

8. Throughout the Final Allowance Period, Greenberg rendered 140.2 hours of professional services to the Debtor having an aggregate value of $59,668.55 for an average hourly rate of $425.59. All of the services for which compensation is requested were services that, in Greenberg's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

9. Mr. Richard A. Sirus performed approximately 74.7 hours worth of services for which compensation is sought at a rate of $550 per hour. Mr. William H. Mayer performed approximately 64.5 hours of services for the Debtor for which compensation is sought at a rate of

$285 per hour. Debra E. Palmisano performed 1 hour of services for the Debtor for which compensation is sought at a rate of $200 per hour.

10. Detailed invoices (the "Invoices") for each time category are attached as <u>Exhibit A</u> to this Application. The Invoices provide detailed descriptions of all services rendered as well as the date and amount of time expended for each service.

## RESULTS DURING THE FINAL ALLOWANCE PERIOD

11. During the Final Allowance Period, Greenberg assisted the Debtor with obtaining Court approval for the termination of the Pension Plans. This result was achieved, in large part, through the services of Greenberg and Mr. Sirus. Specifically, these services included: the preparation of PBGC filings; coordination with the Debtor's actuarial professionals and the Debtor's general bankruptcy counsel; responding to PBGC information requests; correspondence and negotiation with the PBGC; and completion of the termination of the Pension Plans.

12. The issues presented in the Debtor's case have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Greenberg respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

13. The hourly rates charged by Greenberg with respect to the financial advisory services compare favorably with the rates charged by other Chicago metropolitan firms having

professionals with similar experience and expertise as the Greenberg professionals. Further, the amount of time spent by Greenberg with respect to the Debtor's case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate.

## EXPENSES

14. The aggregate amount of expenses for which reimbursement is being sought is $444.32. All of the expenses for which reimbursement is requested are expenses which Greenberg customarily recoups from all of its clients. An itemization of the expenses is attached hereto as Exhibit A. The types of costs for which reimbursement is sought are listed below:

| Internal Photocopy | 15 ¢ per page |
| Commercial Photocopy | actual cost |
| Commercial Messenger | actual cost |
| Conference Calls | actual cost |
| Pacer | actual cost |
| Postage | actual cost |
| Overnight Delivery (e.g., Federal Express) | actual cost |
| Process Serving | actual cost |
| Local and Long Distance Travel | actual cost |

15. The specific expenses for which reimbursement is requested during the Application Period are as follows:

| Photocopy | $349.50 |
| Postage | $8.95 |
| Overnight Delivery (e.g., Federal Express) | $85.87 |
| **Total** | **$444.32** |

16. All expenses incurred by Greenberg incidental to its services were customary and necessary expenses. All expenses billed to the Debtor were billed in the same manner as Greenberg bills non-bankruptcy clients. Further, the expenses for which reimbursement is

sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

### PAYMENTS RECEIVED BY GREENBERG TO DATE

17. On May 11, 2010, the Court entered the Greenberg Retention Order and approved a pre-petition retainer in the amount of $25,000.00 (the "Retainer"). Greenberg has not applied for any interim compensation during the course of this Case and has not previously sought to apply any fees or costs against the Retainer.

### COMPLIANCE WITH 11 U.S.C. § 504

18. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Greenberg and any other firm, person or entity for the sharing or division of any compensation paid or payable to Greenberg.

### NOTICE

19. Notice of this Application has been provided to the Debtor, the Office of the United States Trustee, Bank of America, and other parties in interest entitled to notice thereof. Based on the extent of notice already provided, the interim nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtor's creditors, the Debtor respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i), and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Greenberg requests the entry of an order, substantially in the form attached hereto, that:

a) Allows Greenberg $59,668.55 in compensation for the Final Allowance Period and approves this amount on a final basis;

      b)      Allows Greenberg $444.32 in expense reimbursement for the Final Allowance Period, and approves this amount on a final basis;

      c)      Authorizes the Debtor to pay Greenberg $60,112.87;

      d)      Waives other and further notice of the hearing with respect to this Application; and

      e)      Provides the Debtor and Greenberg with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Greenberg Traurig, LLP

Dated: Dec 29, 2010

By: *Richard A. Sirus*
    Richard A Sirus

Richard A. Sirus
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601

Robert M. Fishman
Peter J. Roberts
John Guzzardo
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151 phone