UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 1, 2011 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

## NOTICE OF MOTION

TO:    See Attached Service List

**PLEASE TAKE NOTICE** that on **February 1, 2011 at 10:00 a.m.,** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Pamela S. Hollis**, Bankruptcy Judge, in Courtroom No. 644, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Fee Application of Poyner Spruill LLP as Special Counsel for Allowance of Compensation and Reimbursement of Expenses,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Robert M. Fishman (#3124316)
> Peter J. Roberts (#6239025)
> John W. Guzzardo (#6283016)
> Shaw Gussis Fishman Glantz
>   Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151  telephone
> (312) 980-3888  facsimile

## CERTIFICATE OF SERVICE

John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the ECF Notice List and E-Mail as indicated herein, on January 7, 2011.

> */s/ John Guzzardo*

# *Mailing Information for Case 10-15572*

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- R Scott Alsterda    rsalsterda@uhlaw.com
- Andrew A Boros    aaboros@kopkalaw.com
- Lee F Dewald    ldewald@riebandtanddewald.com
- Yeny Estrada    estrada@wildman.com, connor@wildman.com;ecf-filings@wildman.com
- Robert M Fishman    rfishman@shawgussis.com
- James G Froberg    jgfroberg@lowis-gellen.com, tpeckham@lowis-gellen.com,jdarfler@lowis-gellen.com,jgfroberg@hotmail.com
- John W Guzzardo    jguzzardo@shawgussis.com
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Peter J Roberts    proberts@shawgussis.com
- Jennifer M Tontz    tontz.jennifer@pbgc.gov, efile@pbgc.gov
- Justin Volmert    volmertj@jbltd.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 1, 2011 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

**FIRST AND FINAL FEE APPLICATION OF POYNER SPRUILL LLP AS
SPECIAL COUNSEL FOR ALLOWANCE OF COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES</u>**

Poyner Spruill LLP ("Poyner Spruill") applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), 2002(i), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for (i) the allowance of three thousand nine hundred and eight dollars and zero cents ($3,908.00) in compensation for 13.5 hours of professional services rendered by Poyner Spruill as special counsel to the Debtor for the period beginning April 8, 2010 through and including July 31, 2010 (the "Final Allowance Period") and the reimbursement of eighteen dollars and thirty six cents ($18.36) for actual costs incurred incident to those services. In support of this application (the "Application"), Poyner Spruill states as follows:

## INTRODUCTION

A.   <u>**The Debtor's Chapter 11 Case**</u>

1.   On April 8, 2010 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since then, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with

11 U.S.C. §§ 1107 and 1108. The Debtor has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

3. The Debtor is a privately held Delaware corporation with its principal place of business located in Wheeling, Illinois. The Debtor is in the business of selling furniture and furniture components.

### B.  The Debtor's Plan

4. One of the major items that needed to be successfully addressed in order to put the Case in a position for a plan of reorganization (the "Plan") to be confirmed was the Debtor's need to monetize its interest in Preferred Furniture Corporation ("PFC"), the Debtor's 50% own subsidiary in North Carolina.

5. It was important to first address the PFC situation, because the disposition of the PFC stock (the "PFC Stock") was the vehicle to create the cash necessary to fund many of the payments to be proposed under the Debtor's Plan. Prior to the Petition Date, the Debtor had negotiated an arrangement in principal with the owners of the other 50% interest in PFC for PFC to redeem the Debtor's PFC Stock for an agreed price. However, once the Case was filed and additional attorneys became involved, new issues were raised and complexities developed. After extensive further negotiations, on or about May 21, 2010 the Debtor filed its Motion for the Entry of an Order Authorizing the Sale of the Debtor's Common Stock of Preferred Furniture Corporation Free and Clear of Liens, Claims and Interests and for Related Relief (the "Sale Motion"). On or about June 3, 2010, the Court conducted a hearing on the Sale Motion and

entered an order granting the same. Finally, in early July 2010, the sale of the PFC Stock was completed, and in excess of $2,100,000 of proceeds was generated for the benefit of the Estate.

6. On August 11, 2010, the Debtor filed the Plan and an accompanying disclosure statement which was subsequently modified on October 22, 2010 [Dkt. No. 211]. The Plan provided for an internal reorganization of the Debtor and the continuation of the Debtor's business operations at its Wheeling location. The Plan (as modified) was confirmed on October 26, 2010 [Dkt. No. 218].

## RETENTION OF POYNER SPRUILL

7. On April 30, 2010, the Debtor applied to this Court for an order approving the retention of Poyner Spruill as the Debtor's special counsel. [Dkt. No. 26]. The Debtor sought to retain Poyner Spruill, a North Carolina based law firm, to advise the Debtor as to its rights in the sale of 100% of its Class B common stock in PFC. On May 11, 2010, this Court granted the Debtor's motion to retain Poyner Spruill. [Dkt. No. 34] (the "Retention Order").

8. Poyner Spruill rendered legal services to the Debtor in connection with its interests in PFC, the Debtor's associated rights as a stockholder of PFC under North Carolina law, and participated in negotiations regarding the redemption of the Debtor's interest in PFC.

9. In evaluating this Application, this Court should consider the value of the services rendered by Poyner Spruill on behalf of the Debtor, the nature and complexity of the issues presented, the skill required to perform the legal services properly, the customary fees charged by other professionals in this case and in similar cases, the experience and ability of the attorneys involved and the amount of awards of compensation in similar cases. These factors, whether viewed individually or collectively, support an award of the requested compensation in full.

## SERVICES RENDERED BY POYNER SPRUILL

10. Throughout the Final Allowance Period, Poyner Spruill rendered 13.5 hours of professional services to the Debtor having an aggregate value of $3,908.00, for an average hourly rate of approximately $290.00 billable to the Debtor. All of the services for which compensation is requested were services that, in Poyner Spruill's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services and complied with the scope of representation restrictions provided for in the Retention Order.

11. Detailed invoices (the "Invoices") are attached as <u>Exhibit A</u> to this Application. The following is a description of Poyner Spruill's activities, which generally describe the tasks performed. The Invoices provide detailed descriptions of all services rendered and the timekeeper, date and amount of time expended.

12. The entirety of Poyner Spruill's services to the Debtor pertained to analysis and legal advice concerning the sale agreement that was the subject of the PFC Sales Motion (the "Stock Redemption Agreement"), including: (a) assistance with the application to employ Poyner Spruill as special counsel to the Debtor; (b) negotiations and discussions with counsel for PFC; (c) drafting and revising the PFC Stock sale agreement; and (d) coordinating the signing and closing of the PFC Stock sale agreement.

13. The chart below is a summary of the total amount of time entered by each timekeeper during the Final Allowance Period, as well as the corresponding dollar value of those services.

| Professional | Position | Hourly Rate | Billed Hours | Amount |
|---|---|---|---|---|
| David Dreifus | Member | $425.00 | 2.2 | $935.00 |
| Michael E. Slipsky | Associate | $280.00 | 8.9 | $2,492.00 |
| Stephanie L. Sanders | Associate | $180.00 | 1.4 | $252.00 |
| Lisa P. Sumner | Member | $355.00 | .3 | $106.50 |
| Patricia Ducharme | Paralegal | $175.00 | .7 | $122.50 |

14. In evaluating this Application, this Court should consider the value of the services rendered by Poyner Spruill on behalf of the Debtor and its estate. The nature and complexity of the issues presented, the skill required to perform the legal services properly, the customary fees charged by other professionals in this case and in similar cases, the experience and ability of the professionals involved, and the amount of awards of compensation in similar cases, whether viewed individually or collectively, support an award of the requested compensation in full.

15. The hourly rates charged by Poyner Spruill with respect to its legal services compare favorably with the rates charged by other North Carolina metropolitan firms having attorneys and paralegals with similar experience and expertise as the Poyner Spruill professionals. Further, the amount of time spent by Poyner Spruill with respect to the Debtor's case is reasonable given the difficulty of the issues presented, the time contracts imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel, and the ultimate benefit to the estate.

## RESULTS DURING THE FINAL ALLOWANCE PERIOD

16. During the Final Allowance Period, Poyner Spruill assisted the Debtor with the Sale Motion and the PFC Stock sale agreement. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time

commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Poyner Spruill respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES

17. The aggregate amount of expenses for which reimbursement is being sought is $18.36. All of the expenses for which reimbursement is requested are expenses which Poyner Spruill customarily recoups from all of its clients. An itemization of the expenses is attached hereto as part of Exhibit A. The specific expenses for which reimbursement is requested during the Final Allowance Period are $18.36 for Federal Express overnight delivery charges.

18. All expenses incurred by Poyner Spruill incidental to its services were customary and necessary expenses. All expenses billed to the Debtor were billed in the same manner as Poyner Spruill bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

## PAYMENTS RECEIVED BY POYNER SPRUILL TO DATE

19. To date, Poyner Spruill has not received any compensation for its services to the Debtor during the Final Allowance Period. Subject to the approval of this Application, Poyner Spruill seeks to have this Court authorize the Debtor to pay $3,926.36 in satisfaction of the requested compensation and expense reimbursement on a final basis.

{6987 APPL A0273861.DOC}    8

## COMPLIANCE WITH 11 U.S.C. § 504

20. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Poyner Spruill and any other firm, person or entity for the sharing of division of any compensation payable to Poyner Spruill.

## NOTICE

21. Notice of this Application has been provided to the Debtor, the Office of the United States Trustee, Bank of America, and other parties in interest entitled to notice thereof. Based on the extent of notice already provided, the interim nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtor's creditors, the Debtor respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2002(a)(6), 2002(i), and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Poyner Spruill requests the entry of an order, substantially in the form attached hereto, that:

a) Allows Poyner Spruill three thousand nine hundred and eight dollars and zero cents ($3,908.00) in compensation for the Final Allowance Period on a final basis;

b) Allows Poyner Spruill eighteen dollars and thirty six cents ($18.36) in expense reimbursement for the Final Allowance Period on a final basis;

c) Authorizes the Debtor to transfer payment of three thousand nine hundred twenty six dollars and thirty six cents ($3,923.36) to Poyner Spruill to fully satisfy the compensation and expense reimbursement allowed pursuant to this Application;

d) Waives other and further notice of the hearing with respect to this Application; and

e) Provides Poyner Spruill and the Debtor with such additional relief as may be appropriate and just under the circumstances.

                                                    Respectfully submitted,

                                                    Poyner Spruill LLP

Dated: 12/23, 2010                         By: _____
                                                        David Dreifus

David Dreifus
Poyner Spruill LLP
PO Box 1801
Raleigh, NC 27602

Robert M. Fishman
Peter J. Roberts
John Guzzardo
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151 phone