## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 1, 2011 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

### NOTICE OF MOTION

TO:     See Attached Service List

PLEASE TAKE NOTICE that on **February 1, 2010 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Pamela S. Hollis, Bankruptcy Judge, in the room usually occupied by her as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, Room 644, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Fee Application of Kane Doy & Harrington, Ltd. as Special Counsel to the Debtor for Allowance of Compensation and Reimbursement of Expenses, Limited Notice Thereof and Related Relief,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Robert M. Fishman (#3124316)
Peter J. Roberts (#6239025)
John W. Guzzardo (#6283016)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile

## CERTIFICATE OF SERVICE

John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the ECF Notice List and E-Mail as indicated herein, on January 7, 2011.

/s/ John Guzzardo

# *Mailing Information for Case 10-15572*

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- R Scott Alsterda    rsalsterda@uhlaw.com
- Andrew A Boros    aaboros@kopkalaw.com
- Lee F Dewald    ldewald@riebandtanddewald.com
- Yeny Estrada    estrada@wildman.com, connor@wildman.com;ecf-filings@wildman.com
- Robert M Fishman    rfishman@shawgussis.com
- James G Froberg    jgfroberg@lowis-gellen.com, tpeckham@lowis-gellen.com,jdarfler@lowis-gellen.com,jgfroberg@hotmail.com
- John W Guzzardo    jguzzardo@shawgussis.com
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Peter J Roberts    proberts@shawgussis.com
- Jennifer M Tontz    tontz.jennifer@pbgc.gov, efile@pbgc.gov
- Justin Volmert    volmertj@jbltd.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 1, 2011 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

## FIRST AND FINAL FEE APPLICATION OF KANE DOY & HARRINGTON, LTD. AS SPECIAL COUNSEL TO THE DEBTOR FOR ALLOWANCE OF COMPENSATION SHORTENED AND LIMITED NOTICE THEREOF AND RELATED RELIEF

Kane Doy & Harrington, Ltd. ("Kane"), applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $776.25 in compensation for approximately 5.7 hours of professional services rendered by Kane as special counsel to the Handy Button Machine Co. (the "Debtor") for the period beginning April 8, 2010 through and including November 12, 2010 (the "Final Allowance Period"); and (ii) a determination that the notice provided is adequate and that further notice of the hearing on this application ("Application") be waived.   In support of this Application, the Debtor states as follows:

## INTRODUCTION

### A.      The Debtor's Chapter 11 Case

1.      On April 8, 2010 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since then, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with

11 U.S.C. §§ 1107 and 1108.   The Debtor has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2.      This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

3.      The Debtor is a privately held Delaware corporation with its principal place of business located in Wheeling, Illinois.   The Debtor is in the business of selling furniture and furniture components.

**B.      The Debtor's Plan**

4.      One of the items that needed to be successfully addressed in order to put the Case in a position for a plan of reorganization (the "Plan") to be confirmed was to forge a resolution in connection with a worker's compensation claim, styled as *Jacqueline Welter v. Handy Button Machine Co.*, pending with the Illinois Industrial Commission as I.C. No. 97 WC 07881, stemming from an allegedly employment related accident that occurred in 1997 (the "Welter Case").   Kane provided services in connection with the attempted resolution of the Welter Case prior to the Debtor's filing of this Bankruptcy Case.

5.      On August 11, 2010, the Debtor filed the Plan and an accompanying disclosure statement which was subsequently modified on October 22, 2010 [Dkt. No. 211].   The Plan provided for an internal reorganization of the Debtor and the continuation of the Debtor's business operations at its Wheeling location.   The Plan (as modified) was confirmed on October 26, 2010 [Dkt. No. 218].

6.      This Court has core jurisdiction to hear and resolve this Application pursuant to 28 U.S.C. §§ 157 and 1334.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF KANE

7.      Shortly after the Petition Date, the Debtor applied to this Court for an order approving the retention of Kane as the Debtor's special counsel. [Dkt. No. 27]. On May 11, 2010, this Court entered an order authorizing the Debtor to retain Kane as the Debtor's special counsel. [Dkt. No. 30] (the "Kane Retention Order"). Pursuant to the Kane Retention Order, Kane only provided legal services to the Debtor in the narrow area of advising the Debtor on the Welter Case.

## SUMMARY AND DESCRIPTION OF KANE'S PRINCIPAL ACTIVITIES

8.      Throughout the Final Allowance Period, Kane rendered 5.75 hours of professional services to the Debtor having an aggregate value of $776.25 for an average hourly rate of $135. All of the services for which compensation is requested were services that, in Kane's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services. Mr. Michael Brennan performed the majority of these services for which compensation is sought, at the lowest rate set forth in the Kane Retention Order, $135 per hour.

9.      Detailed invoices (the "Invoices") for each time category are attached as <u>Exhibit</u> <u>A</u> to this Application. The Invoices provide detailed descriptions of all services rendered as well as the date and amount of time expended for each service.

## RESULTS DURING THE FINAL ALLOWANCE PERIOD

10.     During the Final Allowance Period, Kane assisted the Debtor with settling and resolving the Welter Case. While not yet complete and consummated, the Debtor and Ms. Welter have an agreement in principal, and the Welter Case is very close to resolution.

11.    The issues presented in the Debtor's case have been legally and factually complex, and the amounts at stake significant.   Given the criteria set forth in 11 U.S.C. § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Kane respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

12.    The hourly rates charged by Kane with respect to the worker's compensation counsel compare favorably with the rates charged by other Chicago metropolitan firms having professionals with similar experience and expertise as the Kane professionals.   Further, the amount of time spent by Kane with respect to the Debtor's case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate.

## PAYMENTS RECEIVED BY KANE TO DATE

13.    Kane has not applied for any interim compensation during the course of this Case.

## COMPLIANCE WITH 11 U.S.C. § 504

14.    Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Kane and any other firm, person or entity for the sharing or division of any compensation paid or payable to Kane.

{6987 APPL A0280739.DOC}

## NOTICE

15.     Notice of this Application has been provided to the Debtor, the Office of the
United States Trustee, Bank of America, and other parties in interest entitled to notice thereof.
Based on the extent of notice already provided, the interim nature of the relief requested and the
costs and burdens of transmitting notice to all of the Debtor's creditors, the Debtor respectfully
requests that additional notice of the hearing on this Application be waived for good cause
shown pursuant to Rules 2006(a), 2002(i), and 9007 of the Federal Rules of Bankruptcy
Procedure.

WHEREFORE, Kane requests the entry of an order, substantially in the form attached
hereto, that:

a)      Allows Kane $776.25 in compensation for the Final Allowance
Period and approves this amount on a final basis;

b)      Authorizes the Debtor to pay Kane $776.25;

c)      Waives other and further notice of the hearing with respect to this Application;
and

d)      Provides the Debtor and Kane with such additional relief as may be appropriate
and just under the circumstances.

Respectfully submitted,

Kane, Doy & Harrington, Ltd.

Dated: 12/22 _____ , 2010

By: _Bonnie BBjn_____
        Bonnie Bijak

Bonnie Bijak
Kane Doy & Harrington, Ltd.
1 N La Salle St # 1825
Chicago, IL 60602-3933

Robert M. Fishman
Peter J. Roberts
John Guzzardo
Shaw Gussis Fishman Glantz
   Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151 phone