# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 1, 2011 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

## NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE that on **February 1, 2011 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Pamela S. Hollis, Bankruptcy Judge, in the room usually occupied by her as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, Room 644, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Fee Application of High Ridge Partners, Inc. as Financial Advisor to the Debtor for Allowance of Compensation and Reimbursement of Expenses, Limited Notice Thereof and Related Relief**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Robert M. Fishman (#3124316)
Peter J. Roberts (#6239025)
John W. Guzzardo (#6283016)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile

{6987 APPL A0279793.DOC}    1

### CERTIFICATE OF SERVICE

      John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the ECF Notice List and E-Mail as indicated herein, on January 7, 2011.

                                                  /s/ John Guzzardo

## *Mailing Information for Case 10-15572*

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- R Scott Alsterda    rsalsterda@uhlaw.com
- Andrew A Boros    aaboros@kopkalaw.com
- Lee F Dewald    ldewald@riebandtanddewald.com
- Yeny Estrada    estrada@wildman.com, connor@wildman.com;ecf-filings@wildman.com
- Robert M Fishman    rfishman@shawgussis.com
- James G Froberg    jgfroberg@lowis-gellen.com, tpeckham@lowis-gellen.com,jdarfler@lowis-gellen.com,jgfroberg@hotmail.com
- John W Guzzardo    jguzzardo@shawgussis.com
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Peter J Roberts    proberts@shawgussis.com
- Jennifer M Tontz    tontz.jennifer@pbgc.gov, efile@pbgc.gov
- Justin Volmert    volmertj@jbltd.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 1, 2011 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

## FIRST AND FINAL FEE APPLICATION OF HIGH RIDGE PARTNERS, INC. AS FINANCIAL ADVISOR TO THE DEBTOR FOR ALLOWANCE OF COMPENSATION SHORTENED AND LIMITED NOTICE THEREOF AND RELATED RELIEF

High Ridge Partners, Inc. ("HRP"), applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $45,020.00 in compensation for approximately 145 hours of professional services rendered by HRP as financial advisor to the Handy Button Machine Co. (the "Debtor"), for the period beginning April 8, 2010 through and including October 26, 2010 (the "Final Allowance Period"); and (ii) a determination that the notice provided is adequate and that further notice of the hearing on this application ("Application") be waived. In support of this Application, the Debtor states as follows:

### INTRODUCTION

A.  **The Debtor's Chapter 11 Case**

1.  On April 8, 2010 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since then, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The Debtor has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

3. The Debtor is a privately held Delaware corporation with its principal place of business located in Wheeling, Illinois. The Debtor is in the business of selling furniture and furniture components.

B. **The Debtor's Plan**

4. There were three major items that needed to be successfully addressed in order to put the Case in a position for a plan of reorganization (the "Plan") to be confirmed. First of all, the Debtor need to monetize its interest in Preferred Furniture Corporation ("PFC"), the Debtor's 50% own subsidiary in North Carolina. Secondly, the Debtor needed to come to a resolution with the Pension Benefit Guarantee Corporation ("PBGC") respecting the termination of its two pension plans (the "Pension Plans") and the treatment of the claims related to the Pension Plans and the termination thereof. Lastly, the Debtor needed to come to terms with Bank of America ("BofA"), its principal secured creditor, on the terms of repayment of BofA's secured claims under the Plan.

5. In early July 2010, the sale of the Debtor's interest in PFC was completed, and in excess of $2,100,000 of proceeds was generated for the benefit of the Estate. Over the course of the Final Application Period, the Debtor provided PBGC with (i) all of the pertinent historical financial information it required, and (ii) projections for each of the several possible scenarios that demonstrated that termination of the Pension Plans was necessary to the survival of the business enterprise. Finally, BofA and the Debtor meticulously negotiated detailed terms of the BofA treatment under the proposed Plan, both before and after the Plan was filed, until

ultimately reaching an acceptable arrangement that allowed BofA to vote for acceptance of the Plan.

6. On August 11, 2010, the Debtor filed the Plan and an accompanying disclosure statement which was subsequently modified on October 22, 2010 [Dkt. No. 211]. The Plan provided for an internal reorganization of the Debtor and the continuation of the Debtor's business operations at its Wheeling location. The Plan (as modified) was confirmed on October 26, 2010 [Dkt. No. 218].

7. This Court has core jurisdiction to hear and resolve this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF HRP

8. Shortly after the Petition Date, the Debtor applied to this Court for an order approving the retention of HRP as the Debtor's financial advisor. [Dkt. No. 23]. On May 11, 2010, this Court entered an order authorizing the Debtor to retain HRP as its financial advisor. [Dkt. No. 31].

## SUMMARY AND DESCRIPTION OF HRP'S PRINCIPAL ACTIVITIES

9. Throughout the Final Allowance Period, HRP rendered 145.1 hours of professional services to the Debtor having an aggregate value in excess of $45,020.00 for an average hourly rate of $310.00. All of the services for which compensation is requested were services that, in HRP's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

10. Mr. Patrick Cavanaugh performed approximately 20 hours worth of services for which compensation is sought at a rate of $400 per hour. Mr. Greg Apathy performed

approximately 124 hours of services for the Debtor for which compensation is sought at a rate of $295 per hour.

11. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of HRP's services during the Final Allowance Period, and in compliance with Local Bankruptcy Rule 5082-1, HRP has classified its services into six (6) separate categories as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 1.2 | $459.00 |
| Fee Application / Client Billing | 3.4 | $1,003.00 |
| Attendance at Court Hearings/Review Pleadings | 9.6 | $3,525.00 |
| Business Analysis | 124.1 | $37,785.50 |
| Monthly Bankruptcy. Reports/Semi-Annual Reports | 4.2 | $1,260.00 |
| New Financing | 2.6 | $987.50 |
| **TOTAL** | **145.1** | **$45,020.00** |

12. Detailed invoices (the "Invoices") for each time category are attached as Exhibit A to this Application. The Invoices provide detailed descriptions of all services rendered in each of the above categories as well as the date and amount of time expended for each service. The following is a separate description of each of HRP's principal categories of activities, which generally describe the tasks performed.[1]

---

[1] The narrative is provided for all categories of services for which at least $1,000 in compensation is requested. Exhibit A contains a detailed description of all services, by category, regardless of the amount requested.

A. **Fee Application / Client Billing**

13. HRP expended 3.4 hours of professional services having a value of $1,003.00 in services pertaining to the review of and revisions to client billing for the Final Allowance Period.

B. **Attendance at Court Hearings / Review of Pleadings**

14. HRP expended 9.6 hours of professional services having a value of $3,525.00 in services pertaining to attendance at court hearings and review of pleadings. HRP professionals provided advice, testimony in the form of declarations, and financial information in connection with: i) the motion to sell the Debtor's interests in PFC; ii) the motion to terminate the Pension Plans; and iii) confirm the Plan of reorganization. HRP professionals also assisted the Debtor in its negotiations and discussions with both the PBGC and BofA in connection with these motions.

C. **Business Analysis**

15. HRP expended 124.1 hours of professional services having a value of $37,785.50 in services pertaining to business analysis, including, among other things: (a) creating and revising numerous budgets and projections for the post-petition period; (b) comparing the budget with actual expenses; (c) preparing the liquidation analysis; (d) preparing three year and five year financial plans, including updates and revisions to those plans in connection with the Plan and the ongoing discussions and negotiations with BofA and the PBGC; and (e) preparing budgets and reports for the Debtor detailing the status of accounts receivables and cash flow.

D. **Monthly Bankruptcy Reports and Semi-Annual Reports**

16. HRP expended 4.2 hours of professional services having a value of $1.260.00 in services pertaining to the Debtor's monthly operating reports, including, among other things drafting and timely submitting monthly operating reports and other reports of the Debtor's for this Court, the U.S. Trustee and other parties in interest.

## RESULTS DURING THE FINAL ALLOWANCE PERIOD

17. During the Final Allowance Period, HRP assisted the Debtor with: (a) obtaining Court approval for the sale of its interests in PFC; (b) obtaining Court approval for the termination of the Pension Plans; (c) the timely completion and filing of DIP operating reports; (d) completing and submitting approved DIP operating budgets; (e) completing the liquidation analysis and projections and plans necessary to gain creditor and Court approval of the Plan of reorganization.

18. The issues presented in the Debtor's case have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, HRP respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

19. The hourly rates charged by HRP with respect to the financial advisory services compare favorably with the rates charged by other Chicago metropolitan firms having professionals with similar experience and expertise as the HRP professionals. Further, the amount of time spent by HRP with respect to the Debtor's case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate.

## PAYMENTS RECEIVED BY HRP TO DATE

20. On May 11, 2010, the Court entered an order approving HRP's retention as the Debtor's Financial Consultant and approved a pre-petition retainer in the amount of $15,000.00 (the "Retainer"). HRP has not applied for any interim compensation during the course of this Case and has not previously sought to apply any fees or costs against the Retainer.

## COMPLIANCE WITH 11 U.S.C. § 504

21. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between HRP and any other firm, person or entity for the sharing or division of any compensation paid or payable to HRP.

## NOTICE

22. Notice of this Application has been provided to the Debtor, the Office of the United States Trustee, Bank of America, and other parties in interest entitled to notice thereof. Based on the extent of notice already provided, the interim nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtor's creditors, the Debtor respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i), and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, HRP requests the entry of an order, substantially in the form attached hereto, that:

a) Allows HRP $45,020.00 in compensation for the Final Allowance Period and approves this amount on a final basis.

b) Authorizes the Debtor to pay HRP $45,020.00.

c) Waives other and further notice of the hearing with respect to this Application.

    d)      Provides HRP with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

High Ridge Partners, Inc.

Dated: December 30, 2010

By: _____
    Greg Apathy

Robert M. Fishman
Peter J. Roberts
John Guzzardo
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151 phone