UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 1, 2011 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

## NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE that on **February 1, 2011 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Pamela S. Hollis, Bankruptcy Judge, in the room usually occupied by her as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, Room 644, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Fee Application of Miller Cooper & Co. Ltd. as Accountants and Tax Consultants to the Debtor for Allowance of Compensation, Limited Notice Thereof and Related Relief**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Robert M. Fishman (#3124316)
Peter J. Roberts (#6239025)
John W. Guzzardo (#6283016)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile

{6987 APPL A0281064.DOC}    1

### CERTIFICATE OF SERVICE

   John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the ECF Notice List and E-Mail as indicated herein, on January 7, 2011.

                     /s/ John Guzzardo

## *Mailing Information for Case 10-15572*

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- R Scott Alsterda  rsalsterda@uhlaw.com
- Andrew A Boros  aaboros@kopkalaw.com
- Lee F Dewald  ldewald@riebandtanddewald.com
- Yeny Estrada  estrada@wildman.com, connor@wildman.com;ecf-filings@wildman.com
- Robert M Fishman  rfishman@shawgussis.com
- James G Froberg  jgfroberg@lowis-gellen.com, tpeckham@lowis-gellen.com,jdarfler@lowis-gellen.com,jgfroberg@hotmail.com
- John W Guzzardo  jguzzardo@shawgussis.com
- William T Neary  USTPRegion11.ES.ECF@usdoj.gov
- Peter J Roberts  proberts@shawgussis.com
- Jennifer M Tontz  tontz.jennifer@pbgc.gov, efile@pbgc.gov
- Justin Volmert  volmertj@jbltd.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 1, 2011 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

**FIRST AND FINAL FEE APPLICATION OF MILLER COOPER & CO. LTD. AS
ACCOUNTANTS AND TAX CONSULTANTS TO THE DEBTOR FOR ALLOWANCE
OF COMPENSATION, SHORTENED AND LIMITED NOTICE THEREOF
AND RELATED RELIEF**

Miller Cooper & Co. Ltd. ("Miller Cooper"), applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $12,393.30 in compensation for approximately 40 hours of professional services rendered by Miller Cooper as accountants and tax consultants to the Handy Button Machine Co. (the "Debtor") for the period beginning April 8, 2010 through and including November 12, 2010 (the "Final Allowance Period"); and (ii) a determination that the notice provided is adequate and that further notice of the hearing on this application ("Application") be waived. In support of this Application, the Debtor states as follows:

## INTRODUCTION

A.  **The Debtor's Chapter 11 Case**

1.  On April 8, 2010 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since then, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with

11 U.S.C. §§ 1107 and 1108. The Debtor has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

3. The Debtor is a privately held Delaware corporation with its principal place of business located in Wheeling, Illinois. The Debtor is in the business of selling furniture and furniture components.

B. **The Debtor's Plan**

4. One of the major items that needed to be successfully addressed in order to put the Case in a position for a plan of reorganization (the "Plan") to be confirmed was the Debtor's need to monetize its interest in Preferred Furniture Corporation ("PFC"), the Debtor's 50% own subsidiary in North Carolina.

5. It was important to first address the PFC situation, because the disposition of the PFC stock (the "PFC Stock") was the vehicle to create the cash necessary to fund many of the payments to be proposed under the Debtor's Plan. Prior to the Petition Date, the Debtor had negotiated an arrangement in principal with the owners of the other 50% interest in PFC for PFC to redeem the Debtor's PFC Stock for an agreed price. However, once the Case was filed and additional attorneys became involved, new issues were raised and complexities developed. After extensive further negotiations, on or about May 21, 2010 the Debtor filed its Motion for the Entry of an Order Authorizing the Sale of the Debtor's Common Stock of Preferred Furniture Corporation Free and Clear of Liens, Claims and Interests and for Related Relief (the "Sale Motion"). On or about June 3, 2010, the Court conducted a hearing on the Sale Motion and

entered an order granting the same. Finally, in early July 2010, the sale of the PFC Stock was completed, and in excess of $2,100,000 of proceeds was generated for the benefit of the Estate.

6. On August 11, 2010, the Debtor filed the Plan and an accompanying disclosure statement which was subsequently modified on October 22, 2010 [Dkt. No. 211]. The Plan provided for an internal reorganization of the Debtor and the continuation of the Debtor's business operations at its Wheeling location. The Plan (as modified) was confirmed on October 26, 2010 [Dkt. No. 218].

7. This Court has core jurisdiction to hear and resolve this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF MILLER COOPER

8. After the Petition Date, the Debtor applied to this Court for an order approving the retention of Miller Cooper as the Debtor's accountant and tax consultant. [Dkt. No. 60]. On August 3, 2010, this Court entered an order authorizing the Debtor to retain Miller Cooper as the Debtor's accountant and tax consultant. [Dkt. No. 74] (the "Miller Cooper Retention Order"). Pursuant to the Miller Cooper Retention Order, Miller Cooper provided services to the Debtor in the areas of advising the Debtor on the tax consequences of the Sale Motion, assist with projections in connection with the Plan, and assist with the liquidation analysis submitted with the Plan.

## SUMMARY AND DESCRIPTION OF MILLER COOPER'S PRINCIPAL ACTIVITIES

9. Throughout the Final Allowance Period, Miller Cooper rendered 40 hours of professional services to the Debtor having an aggregate value of $12,393.30 for an average hourly rate of $309.83. All of the services for which compensation is requested were services

that, in Miller Cooper's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

10.    Mr. Neil Barnish performed approximately 1.6 hours worth of services for which compensation is sought at a rate of approximately $193.00 per hour. Mr. Stefan Beal performed approximately .25 hours of services for the Debtor for which compensation is sought at a rate of $155 per hour. Mr. Daniel Byles-Smith performed approximately 10.25 hours of services for the Debtor for which compensation is sought at a rate of $155 per hour. Mr. Theodore Gamrat performed approximately 4.5 hours of services for the Debtor for which compensation is sought at a rate of $259.00 per hour. Mr. Avrum Katz performed approximately 17.9 hours of services for the Debtor for which compensation is sought at a rate of $416 per hour. Mr. Darren Loos performed approximately 2 hours of services for the Debtor for which compensation is sought at a rate of $228 per hour. Mr. Ross Pearlstein performed approximately 2.7 hours of services for the Debtor for which compensation is sought at a rate of $416 per hour. Mr. Bill Wiersema performed approximately .5 hours of services for the Debtor for which compensation is sought at a rate of $416 per hour.

11.    Detailed invoices (the "Invoices") for these services are attached as <u>Exhibit A</u> to this Application. The Invoices provide detailed descriptions of all services rendered as well as the date and amount of time expended for each service.

## RESULTS DURING THE FINAL ALLOWANCE PERIOD

12.    During the Final Allowance Period, Miller Cooper assisted the Debtor with obtaining Court approval of the Sale Motion. This result was achieved, in part, through the services of Miller Cooper. Miller Cooper also assisted with the confirmation of the Plan. Specifically, these services included: assistance with and review of bankruptcy court filings;

research of North Carolina and Illinois tax law; assistance with five year projections and the liquidation analysis submitted with the Plan; and coordination with the Debtor's actuarial professionals and the Debtor's general bankruptcy counsel.

13. The issues presented in the Debtor's case have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters. Miller Cooper respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

14. The hourly rates charged by Miller Cooper with respect to the financial advisory services compare favorably with the rates charged by other Chicago metropolitan firms having professionals with similar experience and expertise as the Miller Cooper professionals. Further, the amount of time spent by Miller Cooper with respect to the Debtor's case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate.

### PAYMENTS RECEIVED BY MILLER COOPER TO DATE

15. On August 3, 2010, the Court entered the Miller Cooper Retention Order and approved a pre-petition retainer in the amount of $20,000.00 (the "Retainer"). Miller Cooper has not applied for any interim compensation during the course of this Case and has not previously sought to apply any fees or costs against the Retainer. Miller Cooper has yet to perform services

in connection with the preparation of the Debtor's tax return for the year ended November 30, 2010, as authorized by the Miller Cooper Retention Order, and shall apply the remaining funds in the Retainer for those professional services.

### COMPLIANCE WITH 11 U.S.C. § 504

16. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Miller Cooper and any other firm, person or entity for the sharing or division of any compensation paid or payable to Miller Cooper.

### NOTICE

17. Notice of this Application has been provided to the Debtor, the Office of the United States Trustee, Bank of America, and other parties in interest entitled to notice thereof. Based on the extent of notice already provided, the interim nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtor's creditors, the Debtor respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i), and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Miller Cooper requests the entry of an order, substantially in the form attached hereto, that:

a) Allows Miller Cooper $12,393.30 in compensation for the Final Allowance Period and approves this amount on a final basis;

b) Authorizes the Debtor to pay Miller Cooper $12,393.30;

c) Waives other and further notice of the hearing with respect to this Application; and

d) Provides the Debtor and Miller Cooper with such additional relief as may be appropriate and just under the circumstances.

                    Respectfully submitted,

                    Miller Cooper & Co., Ltd.

Dated: Dec 29, 2010        By: _____
                                   William H. Wiersema

William H. Wiersema               PRINCIPAL
Miller Cooper & Co. Ltd.
500 West Madison Street
Suite 3350
Chicago, IL 60661

Robert M. Fishman
Peter J. Roberts
John Guzzardo
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151 phone

{6987 APPL A0281064.DOC}        9