# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date: April 5, 2011 |
| Debtor. | ) | Hearing Time: 10:30 a.m. |

## NOTICE OF MOTION

TO:   Attached Service List

**PLEASE TAKE NOTICE** that on April 5, 2010 at 10:30 a.m., the undersigned shall appear before the Honorable Pamela S. Hollis, in Courtroom 644, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **Reorganized Debtor's Motion For The Entry Of A Final Decree Closing Case,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Robert M. Fishman (#3124316)
> Peter J. Roberts (#6239025)
> John W. Guzzardo (#6283016)
> Shaw Gussis Fishman Glantz
>   Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151  telephone

## CERTIFICATE OF SERVICE

Peter J. Roberts, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the ECF Notice List on March 31, 2011.

> /s/ Peter J. Roberts

{6987 MOT A0287905.DOC}

# Mailing Information for Case 10-15572

## Electronic Mail Notice List

- R Scott Alsterda    rsalsterda@uhlaw.com
- Andrew A Boros    aaboros@kopkalaw.com
- Lee F Dewald    ldewald@riebandtanddewald.com
- Yeny Estrada    estrada@wildman.com, connor@wildman.com;ecf-filings@wildman.com
- Robert M Fishman    rfishman@shawgussis.com
- James G Froberg    jgfroberg@lowis-gellen.com, tpeckham@lowis-gellen.com,jgfroberg@hotmail.com
- John W Guzzardo    jguzzardo@shawgussis.com
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Peter J Roberts    proberts@shawgussis.com
- Jennifer M Tontz    tontz.jennifer@pbgc.gov, efile@pbgc.gov
- Justin Volmert    volmertj@jbltd.com
- Barbara L Yong    blyong@golanchristie.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-15572 |
| HANDY BUTTON MACHINE CO., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   April 5, 2011 |
| Debtor. | ) | Hearing Time:   10:30 a.m. |

**REORGANIZED DEBTOR'S MOTION FOR THE ENTRY**
**OF A FINAL DECREE CLOSING CASE**

Pursuant to 11 U.S.C. § 350, Fed. R. Bankr. P. 3022 and Local Rule 3022-1, Handy Button Machine Company (the "Reorganized Debtor") hereby requests that this Court enter a final decree closing this bankruptcy case. In support of this Motion, the Reorganized Debtor respectfully represents as follows:

1. On April 8, 2010 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On October 27, 2010, this Court entered an order confirming the Debtor's First Amended Chapter 11 Plan Of Reorganization (As Modified) ("Plan"). The Plan achieved an internal reorganization of the Debtor and a continuation of its business operations. The effective date of the Plan occurred on or about November 12, 2010 ("Effective Date").

3. Since the Effective Date occurred, the Reorganized Debtor has executed the documents, agreements, and instruments required for the Plan's consummation, and it has also made all of the distributions required under the Plan. The actual status of distributions due to each class under the Plan is as follows:

| Class | Status |
|---|---|
| Unclassified Claims (administrative expense and priority tax claims) | All distributions completed (other than certain professional fee claims).[1] |
| Class 1 – Priority Non-Tax Claims | All distributions completed. |
| Class 2 – Bank Claim | Effective Date distributions completed; subsequent distributions proceeding in accordance with Plan. |
| Class 3 – Other Secured Claims | All distributions completed. |
| Class 4 – General Unsecured Claims | Interim Unsecured Claim Distribution[2] completed; final distribution to occur following resolution of Bogart claim objection. |
| Class 5 – PBGC Claim | Distribution completed on Termination Premiums Settlement; other distributions proceeding consistently with Class 4. |
| Class 6 – Interests | No distribution contemplated |

4.      Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Likewise, Fed. R. Bankr. P. 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. While the term "fully administered" is not defined in the Bankruptcy Code, it is clear that the entry of a final decree closing a chapter 11 case should not be delayed just because all of the payments required by a plan have not been completed. *See In re Mold Makers, Inc*., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re Jordan Manufacturing Co. et al.,* 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992).

---

[1] Based on the Court's recent entry of final orders regarding professional fee applications, the Reorganized Debtor is in the process of completing the payment of professional fee awards. The Reorganized Debtor anticipates that the payments will be completed by the time this Motion is presented.

[2] Capitalized terms not otherwise defined carry the same meaning ascribed to them in the Plan.

{6987 MOT A0287905.DOC}                2

With this clarification in mind, the Reorganized Debtor contends that the estate in this case has been fully administered and that the entry of a final decree is appropriate.

5.      At this point, the only contested matter remaining in this case is the Reorganized Debtor's pending objection to the unsecured claim of Bogart, LLC ("Bogart").  However, based on recent settlement discussions with Bogart, the Reorganized Debtor anticipates that the matter will be consensually resolved by the time that this Motion is presented.  Therefore, other than the Reorganized Debtor's continuing payment obligations under the Plan and the resolution of the Bogart objection, no other motions, contested matters, or adversary proceedings await resolution by this Court.  Based on the foregoing, the entry of a final decree is warranted.

6.      Notice of this Motion has been given to (a) the Office of the United States Trustee; (b) counsel to the Bank of America, N.A.; (c) counsel to the Pension Benefit Guaranty Corporation; and (d) all parties requesting ECF notice in this case.  In light of the issues involved, the Debtor believes that such notice is appropriate under the circumstances.  Consequently, the Debtor requests that any further notice of the Motion or the Court's hearing thereon be waived in accordance with Local Rule 3022-1.

WHEREFORE, the Debtor requests the entry of an order: (i) allowing this Motion; (ii) (ii) excusing any further notice of this Motion; (iii) providing for the entry of a final decree closing the above-captioned case; and (iv) granting such other and further relief as the Court deems just and proper.

                                                Respectfully submitted,

                                                Handy Button Machine Company

Dated: March 31, 2011                    By:  /s/ Peter J. Roberts
                                                          One of its attorneys

Robert M. Fishman (#3124316)
Peter J. Roberts (#6239025)
John W. Guzzardo (#6283016)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151
rfishman@shawgussis.com
proberts@shawgussis.com
jguzzardo@shawgussis.com

{6987 MOT A0287905.DOC}           4